## Commonwealth v. Scurry

*Elizabeth Carmichael, assistant district attorney,* for the Commonwealth.
*Edward Scurry,* in propria persona.

WHITE, *P.J.,* September 28, 1990 — We have for consideration the appeal from summary conviction of Edward L. Scurry. Following a de novo hearing held on August 30, 1990, and consideration of the briefs and arguments, we sustain defendant's appeal and find him not guilty.

Defendant was cited on March 1, 1990, for violating section 3353(a)(3)(ii) of the Motor Vehicle Code which citation was amended at the hearing before the District Justice to be section 3353(a)(1)(vi), which prohibits parking a vehicle "alongside or opposite any street excavation or obstruction when stopping, standing or parking would obstruct traffic." Defendant was parked along the curb opposite a circular concrete traffic island, where the passageway was narrow, in Municipal Lot 9, Oil City, Pennsylvania. The area in which defendant was parked did not contain any signs prohibiting parking; however, the curb was painted yellow. Additionally, there was no parking meter provided for the space in which defendant was parked.

The only issue presented by this appeal is whether the circular concrete traffic island is an "obstruction" within the meaning of 75 Pa.C.S. §3353(a)(1)(vi). The rules of statutory construction require that words be given their common meaning unless they have acquired a peculiar and appropriate meaning or are defined within the statute. 1 Pa.C.S. §1903. The effect of the statute in this instance is penal, and therefore, the statute must be strictly construed. 1 Pa.C.S. §1928(b)(1); see *Commonwealth v. Teada,* 235 Pa. Super. 438, 344 A.2d 682 (1975). Black's Law Dictionary defines obstruction as, "A hindrance, obstacle, or barrier. Delay, impeding or hindering. See also obstruct." Black's Law Dictionary then defines obstruct as, "To block up; to interpose obstacles; to render impassible; to fill with barriers or impediments, as to obstruct a road or way." It is clear from these definitions and the common meaning that an obstruction as used in section 3353(a)(1)(vi) of the Motor Vehicle Code indicates a temporary obstacle or barrier so as to render the road or way impassible. Applying the

archaic principle of construction known as ejusdem generis is especially pertinent in this instance:

"General expressions used in a statute are restricted to things and persons similar to those specifically enumerated in the language preceding the general expression. . .." *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 479, 329 A.2d 812, 827 (1974).

Obviously, in the statute at issue a "street excavation" is specific whereas an "obstruction" is general. One has trouble conceptualizing in what way a "traffic island" is similar or even related to a "street excavation." Obviously a meaning for the word "obstruction" relating it to a street excavation is sensible and consistent with what should be the legislative purpose in enacting this particular section—that is, assuring traffic flow when the normal passageway is obstructed. As the circular concrete traffic island in Oil City Municipal Parking Lot 9 is a permanent fixture not meant to block off and render the way impassible, it is not an obstruction within the meaning of section 3353(a)(1)(vi) of the Motor Vehicle Code.

Oil City, under 75 Pa.C.S. §6109(a)(1), is specifically given the power to regulate or prohibit stopping, standing or parking within the municipality. In regulating or prohibiting parking, the city may erect parking meters or place official signs prohibiting parking in certain areas. The area in which defendant's car was parked did not contain any official signs prohibiting parking. Defendant, however, was originally cited for violating 75 Pa.C.S. §3353(a)(3)(ii), which prohibits parking "at any place where official signs prohibit parking." It was not until the day of the hearing before the district magistrate that the Commonwealth amended the citation when it realized it could not prove a viola-

586

tion of section 3353(a)(3)(ii) of the Motor Vehicle Code because no official signs prohibiting parking were at the space in question. The Commonwealth then cited defendant with a violation it felt closely matched the facts they had.

Oil City has the power to prohibit parking in the space in which defendant was cited for parking. All the city needs to do is to erect official signs prohibiting parking in that area. We cannot alter the meaning of the words in the statute just because it is the closest alternative section under which defendant could be charged.

## ORDER

And now, September 28, 1990, after consideration of the testimony of the parties and memoranda submitted, defendant is found not guilty. The clerk is directed to refund any deposit heretofore made by defendant toward the fine to defendant.